1  **ROBERT MANN**  CSB #48293
   **DONALD W. COOK**  CSB #116666
2  ATTORNEYS AT LAW
   3435 Wilshire Blvd., Suite 2900
3  Los Angeles, CA  90010
   manncook@earthlink.net
4
5  (213) 252-9444 phone; (213) 252-0091 fax
6  Attorneys for Plaintiff
7
8              **UNITED STATES DISTRICT COURT**
9             **CENTRAL DISTRICT OF CALIFORNIA**

10  JEROME LESLIE CLEMMONS, an        Case No. CV05-5525 AHM
    individual,                       (SHx)
11
                    Plaintiff,        **PLAINTIFF'S MOTION IN
12                                    LIMINE NO. 1**
    vs.
13                                    PTC: 1/26/09
    CITY OF LONG BEACH, etc., et al., Trial: 2/10/09
14
                    Defendants.
15

16  TO THE HON. A. HOWARD MATZ, UNITED STATES DISTRICT JUDGE:
17
18      Plaintiff hereby moves *in limine* for the following order:
19      Whether plaintiff or any other witness had been arrested on any other occasion, or
20  whether plaintiff or any other witness has been convicted of a crime, whether felony or
    misdemeanor, *except* insofar as that evidence is relevant in determining whether plaintiff
21  was the subject of the felony arrest warrant issued for James Clemmons.
22
23      Furthermore, plaintiff requests that the Court instruct defense counsel to advise
24  defendants' witnesses not to "remember" or volunteer information on the above matters.
25  ///
26  ///
27  ///
28  ///

                                                        00039577.WPD

1   DATED: January 14, 2009

2                               **ROBERT MANN**
                                **DONALD W. COOK**
3                               Attorneys for Plaintiff

4

5   By_____
6                               Donald W. Cook

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.     A WITNESS' ARREST RECORD OR CONVICTIONS, INCLUDING**

3            **PLAINTIFF'S, IS (WITH ONE EXCEPTION) IRRELEVANT,**

4            **PREJUDICIAL AND INADMISSIBLE.**

5            Excepting for an issue discussed below, the Court should preclude defendants from

6   questioning plaintiff or any other witness about his or her arrest history, or convictions.

7   In *Medrano v. City of Los Angeles*, 973 F.2d 1499 (9th Cir. 1992), plaintiffs sued for

8   damages under 42 U.S.C. § 1983, alleging that police officers used excessive force.  At

9   trial, the district court allowed defense counsel to question plaintiffs' witnesses about

10  their arrests and misdemeanor convictions.  *Held*: plaintiffs' objections should have been

11  sustained.

12           [T]he district court allowed the appellees to impeach the testimony of

13       the Medranos' witnesses by use of misdemeanor convictions and arrests. The

14       Medranos' objections to this method of impeachment were timely, and they

15       preserved this alleged error for appeal. Fed. R. Evid. 609 does not allow the

16       use of prior arrests for purposes of impeachment. Although Rule 609 does

17       allow the use of convictions for impeachment, it limits the use of

18       misdemeanor convictions to those involving dishonesty or false statements.

19       Fed. R. Evid. 609(a)(2). The misdemeanor convictions used for

20       impeachment in this case were mainly drug use and shoplifting convictions.

21       These convictions did not involve dishonesty or false statements. *See United*

22       *States v. Ortega*, 561 F.2d 803, 805-06 (9th Cir. 1977) (shoplifting does not

23       involve dishonesty or false statements within the meaning of Rule

24       609(a)(2)); *United States v. Ashley*, 569 F.2d 975, 979 (5th Cir.) (same),

25       *cert. denied*, 439 U.S. 853, 58 L. Ed. 2d 159, 99 S. Ct. 163 (1978).

26       Therefore, the district court erred by allowing the use of these convictions

27       for impeachment.

28

00039577.WPD

*Medrano*, 973 F.3d at 1507.

The California Supreme Court reached a similar conclusion in *Grudt v. City of Los Angeles*, 2 Cal. 3d 575, 86 Cal. Rptr. 46 (1970), an action alleging police misconduct. There, the trial court permitted defendants to impeach plaintiff's witnesses with prior arrests. In finding the questioning prejudicial error, the California court explained:

> Were we to approve the trial judge's acceptance of this impeachment evidence, we would erect an insurmountable barrier to an aggrieved citizen's ability to gain proper civil redress against errant peace officers. Parties electing to sue any policeman -- for damages in tort, for contract reparations, or merely to collect a debt -- would be obliged to produce witnesses willing to be subjected to the degradation of a courtroom examination of their prior arrest records and the records of all members of their families to show bias against police generally. And even if such witnesses were found, their credibility in the eyes of the jury would be seriously impaired by evidence of prior criminal arrests, not because of the likelihood of actual bias, but because of the "bad character" suggested by the mere arrests. Furthermore, the principle advocated by defendants could not be limited to cases in which police officers are parties. Presumably, under defendants' theory, whenever any person testifies contrary to the testimony of a police officer *witness*, the arrest record of that person or of members of his family would be admissible to imply that he so testified because he was biased against policemen generally. To state the proposition is to compel its rejection.

2 Cal. 3d at 592-93, 86 Cal. Rptr. at 474.

The Court should also preclude defendants from questioning plaintiff or other witnesses about their criminal convictions. Misdemeanor convictions, except for those involving dishonesty which plaintiff does not have, are not relevant or admissible. F.R.E. Rule 404(a), 609(a); *Medrano*, *supra*. Nor should defense counsel be permitted to

question plaintiff about any felony conviction not involving dishonesty, for Mr. Clemmons has none.

Questioning a witness about his alleged criminal history would be highly prejudicial. The jury may infer that because the plaintiff or witness has been arrested or convicted of a crime, he has a propensity for criminal behavior, a bad character. Such inference is impermissible. F.R.E. Rule 404(a). Given that the probative value is slight (if not non-existent) while the prejudicial effect is great, under F.R.E. 403 the Court should exclude any reference to any conviction of any witness, including plaintiff.

Notwithstanding the foregoing, there is one area in which plaintiff's arrest/conviction history may be relevant. Plaintiff contends that defendants should have known that plaintiff was *not* the subject of the James Clemmons arrest warrant. One way in which defendants should have known is that plaintiff's arrest/conviction history did not match that of the warrant's subject. For example, the warrant's subject has convictions that do not appear on plaintiff's criminal history. Additionally, the criminal case out of which the warrant issued, does not appear on plaintiff Mr. Clemmons' criminal history, while Mr. Clemmons' criminal history also shows he was incarcerated when the warrant's subject committed his crime. Hence, plaintiff believes it would be proper to question relevant witnesses about what the official records show regarding these matters. But the questions should be framed to that issue, i.e., "does the criminal history for plaintiff show that he was charged in case Superior Court case no. 047618, or convicted in that matter"? (the James Clemmons felony warrant issued out of case no. 407618); "does the criminal history for plaintiff show that he was, at the time of the offense in case no. 047618, incarcerated"?, and so on. Moreover, when the jury hears about plaintiff's criminal history the jury should be instructed that the evidence is being received for the limited purpose of determining if it was reasonable to conclude that plaintiff was the subject of the James Clemmons arrest warrant.

///

1

## II.    CONCLUSION.

Except for the issue of whether it was reasonable to think plaintiff was the subject of the warrant at issue, the arrest record and/or criminal convictions of plaintiff or any other witness is irrelevant and prejudicial.   Therefore, the instant motion should be granted.

DATED: January 14, 2009

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

By _____
            Donald W. Cook

00039577.WPD