**ROBERT MANN**  CSB #48293
**DONALD W. COOK**  CSB #116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA  90010
manncook@earthlink.net

(213) 252-9444 phone; (213) 252-0091 fax

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LESLIE CLEMMONS, an individual,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF LONG BEACH, etc., et al.,<br><br>　　　　　　　Defendants. | Case No. CV05-5525 AHM (SHx)<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 2**<br><br>PTC: 1/26/09<br>Trial: 2/10/09 |

TO THE HON. A. HOWARD MATZ, UNITED STATES DISTRICT JUDGE:

　　Plaintiff hereby moves *in limine* for the following order:

　　Whether plaintiff or any other witness has an opinion, or believes, that any other witness has told the truth or is not credible.

　　Furthermore, plaintiff requests that the Court instruct defense counsel to advise defendants' witnesses not to "remember" or volunteer information on the above matters.

DATED: January 14, 2009

　　　　　　　　　　　　　**ROBERT MANN**
　　　　　　　　　　　　**DONALD W. COOK**
　　　　　　　　　　　　Attorneys for Plaintiff

　　　　　　　By_____
　　　　　　　　　　　　Donald W. Cook

00039579.WPD

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. A WITNESS MAY NOT BE QUESTIONED ON HIS OR HER OPINION OR BELIEF ON THE CREDIBILITY OF ANOTHER WITNESS.

At trial, defense counsel may seek to elicit from plaintiff or another whether he believes the testimony of another witness is truthful, or whether the witness is lying. For example, defense counsel may ask plaintiff "If Officer Skeen testified you said you sometimes go by the name 'James Clemmons,' would he be lying?," or may seek to elicit from another witness whether plaintiff's testimony on what he told the Long Beach personnel, was credible. Such questioning is highly improper. In *United States v. Geston*, 299 F.3d 1130 (9th Cir. 2002), on cross-examination the prosecutor asked witnesses if certain law enforcement officers were lying when they testified to a different version of events. *Held*: reversible error.

> These questions were improper because they compelled Groot and Garrett to offer opinions regarding the veracity of the government witnesses.
>
> . . .
>
> We have held that it is reversible error for a witness to testify over objection whether a previous witness was telling the truth. *United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998). "It is the jurors' responsibility to determine credibility by assessing the witnesses and witness testimony in light of their own experience." *Id.* (citation omitted). "Testimony regarding a witness' credibility is prohibited unless it is admissible as character evidence." *Id*. (citation omitted).

*Geston*, 299 F.3d at 1136.

Thus, " '[c]ounsel should not ask one witness to comment on the veracity of the testimony of another witness.' " *Geston*, *supra* (*quoting with approval United States v. Sullivan*, 85 F.3d 743, 749-50 (1st Cir. 1996)).

///

**II.    CONCLUSION.**

Whether plaintiff or any other witness believes that someone else is telling the truth is immaterial and inadmissible. Therefore, the instant motion should be granted.

DATED: January 14, 2009

                        **ROBERT MANN**
                        **DONALD W. COOK**
                        Attorneys for Plaintiff

By _____
            Donald W. Cook