**ROBERT MANN** CSB #48293
**DONALD W. COOK** CSB #116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
manncook@earthlink.net

(213) 252-9444 phone; (213) 252-0091 fax

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LESLIE CLEMMONS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LONG BEACH, etc., et al.,<br><br>Defendants. | Case No. CV05-5525 AHM (SHx)<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 3**<br><br>PTC: 1/26/09<br>Trial: 2/10/09 |

TO THE HON. A. HOWARD MATZ, UNITED STATES DISTRICT JUDGE:

Plaintiff hereby moves *in limine* for the following order:

Whether plaintiff or any other witness had consumed any illegal drugs at any time.

Furthermore, plaintiff requests that the Court instruct defense counsel to advise defendants' witnesses not to "remember" or volunteer information on the above matter.

DATED: January 14, 2009

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

By_____
Donald W. Cook

00039580.WPD

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. DEFENDANTS SHOULD BE PRECLUDED FROM ELICITING FROM ANY WITNESS OR OFFERING ANY EVIDENCE THAT PLAINTIFF OR A WITNESS INGESTED ANY ILLEGAL DRUGS AT ANY TIME.

The dispute in this case centers over whether it was reasonable to conclude that plaintiff was the subject of the James Clemmons arrest warrant. Plaintiff contends defendants should have known that plaintiff could not be the warrant's subject; defendants contend they acted reasonably in so concluding. There is no evidence that plaintiff had any alcohol or had consumed any drugs, legal or illegal, at the time of his arrest and incarceration. However, because plaintiff has convictions for being under the influence of a controlled substance, it is believed that defendants may seek to present evidence that on other occasions far removed from the incident date plaintiff consumed illegal drugs.

Defendants should be precluded from eliciting evidence or questioning witnesses to show that on some other occasion, plaintiff or a witness had used illegal drugs. Such evidence is an instance of "other acts" that shows a person's bad character and therefore is generally prohibited by F.R.E. 404(a). Nor does the evidence fall within any of the recognized exceptions in F.R.E. 404(b).

Moreover, evidence of illegal drug use is highly prejudicial. In this day and age of the "War on Drugs," jurors may conclude that plaintiff is a bad person or undeserving of constitutional protection because he consumed illegal drugs. See *People v. Cardenas*, 233 Cal. App. 2d 156, 43 Cal. Rptr. 357 (1965), wherein the California court of appeal discussed the especially "catastrophic" effect of any evidence regarding the use of illicit drugs:

> [T]he impact of this evidence upon a jury of laymen would be catastrophic . . . . It cannot be doubted that the public generally is influenced with the seriousness of the narcotics problem in this community, and has been taught

to loathe those who have anything to do with illegal narcotics in any form or to any extent.

233 Cal. App. 2d at 161, 43 Cal. Rptr. at 360.

Therefore, evidence of illegal drug use should be excluded under F.R.E. Rule 403.

## II. CONCLUSION.

Illegal drug use by plaintiff or any other witness is irrelevant and prejudicial. The instant motion should be granted.

DATED: January 14, 2009

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

By_____
Donald W. Cook