ROBERT E. SHANNON, City Attorney
MONTE H. MACHIT, Principal Deputy City Attorney
State Bar No. 140692
333 West Ocean Boulevard, 11th Floor
Long Beach, California 90802-4664
Telephone: (562) 570-2200
Facsimile: (562) 436-1579

Attorneys for Defendants
CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT,
ANTHONY W. BATTS, OFFICERS SKEEN, MARTIN
and VANDEN BOSCH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LESLIE CLEMMONS, an individual, on his behalf and as class representative<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LONG BEACH, a municipal corporation; LONG BEACH POLICE DEPARTMENT, a local public entity; COUNTY OF LOS ANGELES, a local public entity, LOS ANGELES SHERIFF'S DEPARTMENT, a local public entity, ANTHONY W. BATTS, an individual, Long Beach Officers SKEEN (#60660), MARTIN (#7123), VANDEN BOSCH (#006064), and DOES 1 through 10,<br><br>Defendants. | Case No.: CV05-5525 AHM (SHx)<br>*(Exempt from Filing Fees pursuant to Government Code §6103)*<br><br>Honorable A. Howard Matz<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1; DECALATION OF MONTE H. MACHIT; MEOMRANDUM OF POINTS AND AUTHORITIES AND PROPOSED ORDER**<br><br>FPTC Date:     Jan. 26, 2009<br>Trial Date:     Feb. 10, 2009<br>Complaint Filed: Aug. 3, 2005 |

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

Defendants move this Court, in limine, for an order prohibiting Plaintiff, his counsel or witnesses, from mentioning, referring to, or referencing, in any fashion, John Fairley and/or his lawsuit against the city of Long Beach, during any phases of the trial while in the presence of the jury.

Defendants' motion is based on Federal Rules of Evidence, Rules 401, 402

1

and 403. The proffered evidence is not relevant as to any fact in the present litigation. But assuming some slight probative value, the evidence will likely confuse and mislead the jury, and substantially prejudice Defendants opportunity for a fair trial.

    This motion is based on this notice, the Declaration of Monte H. Machit in support thereof, and upon the Memorandum of Points and Authorities in support thereof.

DATED: January 16, 2009

ROBERT E. SHANNON, City Attorney

By: _____
MONTE H. MACHIT
Principal Deputy City Attorney
Attorneys for Defendants
CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, ANTHONY W. BATTS, OFFICERS SKEEN, MARTIN and VANDEN BOSCH

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

## DECALARATION OF MONTE H. MACHIT

I, Monte H. Machit, say:

That I am an attorney at law, licensed to practice law in all of the state courts in the State of California, and am admitted to practice before the United States District Court, Central District. I am employed by the Long Beach City Attorney, attorney of record for defendants herein, and am the attorney assigned to the defense of this case. As such, I have personal knowledge of the matters stated herein. If called upon as a witness, I could and would testify to the following:

1. On <u>April 26, 1997,</u> seven (7) years before the events that give rise to the current case, an individual named John Farley was arrested. Fairley claimed that his 4th and 14th Amendment rights were violated by the Long Beach police department when he, and not his twin brother, was arrested on an outstanding warrant. Fairly also claimed that the police used excessive force.

2. Following a jury trial before the Hon. David O. Carter, the jury found that the police officers had not used excessive force but found the city liable. In short, the trier of fact determined that the police department's policy maker, Chief Luman, failed to investigate and establish *a policy* to alleviate the problem of detaining individuals on the wrong warrant[1].

3. Since that time, but before the events involving Clemmons, the City changed its policy and procedures in dealing with individuals arrested on outstanding warrants. Ryan Ford was a defendant in the *Fairly* case. Ford was also deposed in this case, and will testify at trial. Ford is anticipated to testify that following Fairly's arrest, and before Clemmons arrest, the jail policy and procedures were changed with regard to identifying individuals arrested on warrants to alivate the problem of holding the wrong individual on a warrant.

///

---

[1] See, *Fairley v. Luman*, 281 F.3d 913.

**DEFENDANTS' MOTION IN LIMINE NO. 1**

l:\apps\ctylaw32\wpdocs\d014\p009\00154572.doc

/ / /

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 20, 2009 in Long Beach, California.

*[signature]*

MONTE H. MACHIT

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

## *MEMORANDUM OF POINTS AND AUTHORITIES*

**I. EVIDENCE OF THE FAIRLY CASE IS NOT RELEVANT TO ANY FACT IN THIS CASE**

To be relevant, evidence must have some tendency to make the existence of any fact more probable. Federal Rules of Evidence, Rule 401. Evidence that is not relevant is not admissible. Federal Rules of Evidence, Rule 402.

In light of this definition, it is clear that evidence of the events surrounding John Fairley's arrest and trial, seven years before the arrest of Clemmons, is not relevant as to any issue in the case. This is especially so since the policy (or lack of an adequate policy) is not the same policy and procedure employed at the time of Clemmons arrest. Rather, the tried of fact must evaluate the policy in place at the time of Clemmons arrest to determine if *that policy and procedure- and no other-* violated Clemmons' 14th Amendment rights.

**II. ASSUMING ANY PROBATIVE VALUE, THE EVIDENCE MUST BE EXCLUDED BECAUSE ITS PROBABTIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY ITS DANGER OF UNFAIR PREDJUICE AND MISLEADING THE JURY**

Evidence of the facts and circumstances surrounding the *Fairley* case, if presented to the Clemmons jury, will confuse the jury and suggest, wrongly, that the City consciously disregarded the plight of persons incarcerated on warrants. It will also confuse the jury as to which policy and procedure they should be considering— the policy and procedures in effects at the time of Fairley—or the polices and procedures in effects at the time of Clemmons.

/ / /

/ / /

/ / /

/ / /

1   For these reasons, testimony and reference to Fairley must be excluded from
2   the jury.
3   DATED: January 20, 2009

ROBERT E. SHANNON, City Attorney

By: _____
MONTE H. MACHIT
Principal Deputy City Attorney
Attorneys for Defendants
CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, ANTHONY W. BATTS, OFFICERS SKEEN, MARTIN and VANDEN BOSCH

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach. CA 90802-4664