ROBERT E. SHANNON, City Attorney
MONTE H. MACHIT, Principal Deputy City Attorney
State Bar No. 140692
333 West Ocean Boulevard, 11th Floor
Long Beach, California 90802-4664
Telephone: (562) 570-2200
Facsimile: (562) 436-1579

Attorneys for Defendants
CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, ANTHONY W. BATTS, OFFICERS SKEEN, MARTIN and VANDEN BOSCH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LESLIE CLEMMONS, an individual, on his behalf and as class representative<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LONG BEACH, a municipal corporation; LONG BEACH POLICE DEPARTMENT, a local public entity; COUNTY OF LOS ANGELES, a local public entity, LOS ANGELES SHERIFF'S DEPARTMENT, a local public entity, ANTHONY W. BATTS, an individual, Long Beach Officers SKEEN (#60660), MARTIN (#7123), VANDEN BOSCH (#006064), and DOES 1 through 10,<br><br>Defendants. | Case No.: CV05-5525 AHM (SHx)<br>*(Exempt from Filing Fees pursuant to Government Code §6103)*<br><br>Honorable A. Howard Matz<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1**<br><br>FPTC Date:  Jan. 26, 2009<br>Trial Date:  Feb. 10, 2009<br>Complaint Filed: Aug. 3, 2005 |

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

Defendants oppose Clemmons' Motion in Limine No. 1, filed and served on January 14, 2009.

I. **INTRODUCTION TO OPPOSITION**

Clemmons brings this action claiming that the Long Beach Police Department falsely arrested him on June 27, 2004. Clemmons was arrested for an outstanding

1

warrant, but maintains that he was not the individual who was the subject of the warrant. Clemmons spent approximately eight (8) hours in the Long Beach jail, and then a superior court judge remanded Clemmons to the custody of the Los Angeles Sheriff's Department. Clemmons spent twenty-one days in county jail.

When Clemmons was arrested in June of 2004, he was unemployed and homeless. Additionally, he does not assert any medical specials. Consequently, he has no special damages. Instead, Clemmons claims general damages based on his twenty-one (21) day stay in the Los Angeles County jail. Defendants anticipate that Clemmons will bolster his claim of general damages by testifying about his experience in the county jail, and the distress, anguish, or other emotional distress caused by the false incarceration.

Clemmons' arrest on June 27, 2004 was not his first. Rather, Clemmons has been arrested and *incarcerated* numerous times. Defendants assert that Clemmons' past incarcerations are relevant and probative of the issue of general damages, and that the trier-of-fact should be allowed to consider Clemmons history of incarcerations and his familiarity with jail and penal institutions when considering what general damages, if any, are appropriate to compensate Clemmons.

## II. CLEMMONS EXTENSIVE HISTORY OF INCARCERATION IS PROBATIVE OF THE ISSUE OF GENERAL DAMAGES:

Clemmons has had extensive experience with incarceration and life within penal institutions. For instance, Clemmons has been incarcerated:

September, 1996 through March, 1997;

July, 1997 through October, 1997;

February, 1998 through March, 1998;

June 1998, through July 1999;

November, 1999 through August 2000;

December, 2000 through September, 2001; and

November, 2004 through November 2005.

The last period of incarceration followed this current incident by only four months.

This history of incarceration is relevant. Evidence is relevant when the evidence tends to make the existence of a fact more of less probable. Federal Rules of Evidence, Rule 401. Here, Clemmons extensive time spent incarcerated makes his claim of emotional distress or "loss of time" because of the incarceration less probable. Common sense demonstrates that persons with extensive experience with the penal system will have a difference experience for purposes of awarding general damages, than a person wrongly arrested but who has never spent any time in jail.

For instance, assuming Clemmons testifies that he was frightened and depressed because he was incarcerated, logic dictates that several prior experiences with penal institution mitigates that fear, sense of isolation and distress that would arise with persons having no prior experience in jail. This is especially so considering that Clemmons jail stay in this case was significantly less that several other stretches in jail.

### III. FEDERAL RULES OF EVIDENCE 403 SHOULD NOT EXCLUDE EVIDENCE OF PRIOR INCARCERATIONS

Clemmons history of prior incarcerations is not *substantially outweighed* by its potential prejudicial effect. Clemmons suggests that his history of incarcerations, and impliedly his prior arrests and convictions, will lead the jury to conclude that Clemmons has "a bad character." Assumedly, Clemmons implies that this information may lead the jury to award less in general damages.

On the other hand, without evidence of the other incarcerations, Defendants will be *substantially prejudiced*. Without this evidence, the trier of fact will have to evaluate Clemmons incarceration in this instance without being able to consider how to compensate an individual with no prior experience with incarceration, as opposed to an individual with extensive experience in jail. Connsequently, while the evidence of Clemmons extensive incarceration history is prejudicial, its probative

value is not substantially outweighed by such prejudice.

    As such, Defendants do not object to excluded specific evidence of prior arrests and convictions, but urges the Court to permit evidence of Clemmons past incarcerations.

DATED: January 16, 2009

                                        ROBERT E. SHANNON, City Attorney

                                        By: _____
                                          MONTE H. MACHIT
                                          Principal Deputy City Attorney
                                        Attorneys for Defendants
                                        CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, ANTHONY W. BATTS, OFFICERS SKEEN, MARTIN and VANDEN BOSCH

OFFICE OF THE CITY ATTORNEY
ROBERT E. SHANNON, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

4

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1**

l:\apps\ctylaw32\wpdocs\d014\p009\00154555.doc