ROBERT E. SHANNON, City Attorney
MONTE H. MACHIT, Principal Deputy City Attorney
State Bar No. 140692
333 West Ocean Boulevard
Long Beach, California 90802-4664
Telephone: (562) 570-2200

Attorneys for Defendants, CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, ANTHONY W. BATTS, OFFICER K. SKEEN, OFFICER S. VANDEN BOSCH, and M. MARTIN

Robert E. Shannon
City Attorney of Long Beach
333 West Ocean Boulevard
Long Beach, California 90802-4664
Telephone (562) 570-2200

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEROME LESLIE CLEMMONS, an individual, on his behalf and as class representative,

Plaintiff,

vs.

CITY OF LONG BEACH, a municipal corporation; LONG BEACH POLICE DEPARTMENT, a local public entity; COUNTY OF LOS ANGELES, a local public entity, LOS ANGELES SHERIFF'S DEPARTMENT, a local public entity; ANTHONY W. BATTS, an individual; Long Beach Officers SKEEN (#6060), MARTIN (#7123), VANDEN BOSCH (#006064), and DOES 1 through 10,

Defendants.

Case No. CV05-5525 AHM (SHx)

**DEFENDANTS' CITY OF LONG BEACH MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

FPTC Date: April 6, 2009
Time: 11:00 a.m.
Courtroom: 14

Trial Date: April 21, 2009

Defendants, CITY OF LONG BEACH, a municipal corporation, and individually named Long Beach Police Chief Anthony Batts, Officer K. Skeen, Officer S. Vanden Bosch, and M. Martin hereby submit their Memorandum of Contentions of Fact and Law as follows:

Robert E. Shannon
City Attorney of Long Beach
333 West Ocean Boulevard
Long Beach, California 90802-4664
Telephone (562) 570-2200

**A. NATURE OF ACTION:**

Plaintiff has filed this case as against the City of Long Beach and the arresting officers; as well as the County of Los Angeles. The causes of action include alleged violations of false imprisonment; *Monell* § 1983 (as to defendants City of Long Beach); and California Civil Code § 52.1. Defendants City and the officers deny the allegations of liability, and dispute the nature and extent of plaintiff's damages.

**B. CONTENTIONS OF FACTS:**

This case arises initially out of an arrest of the plaintiff by officers for the Long Beach Police Department in the early morning hours of June 28, 2004. The plaintiff, Jerome Clemmons, was initially questioned by officers in a parking lot of a strip mall in the City of Long Beach. Officers initially stopped and questioned Clemmons because he was digging in a trash dumpster in violation of a City municipal Ordinance. During this period, a warrant query was made which revealed an outstanding warrant for James Clemmons. Based upon information provided by the plaintiff at the scene, and plaintiff's admission that he was the likely the individual identified on the warrant, officers arrested and booked him on the warrant.

Approximately six (6) hours later, the plaintiff was transferred to the Long Beach Superior Court for arraignment. He was assigned a deputy public defender and thereafter the Court independently determined that he was the individual on the warrant. The Court ordered Clemmons into the custody of the Los Angeles County Sheriff's Department. The plaintiff was held in custody until his next court date of July 19, 2004. At that time, the Court independently determined that the plaintiff was not the individual sought by the warrant. As a result, he was released.

There are two components to the plaintiff's claim against the City and its individually named officers. First, the plaintiff asserts that plaintiff was wrongfully detained while in the strip mall parking lot, hence the partial claim for false imprisonment. Secondly, the plaintiff claims that the City did not have proper

procedures and policies in place to ascertain the identity of an individual arrested on a warrant. Plaintiff contends that even if policies were in place, the officers did not follow them resulting in the false imprisonment of the plaintiff.

Defendants contend that the detention of the plaintiff at approximately midnight for loitering, was without incident and consensual. The warrant information (although naming James Clemmons) received by the officer upon making the contact with the plaintiff was sufficient to arrest and book the plaintiff. The information on the warrant and plaintiff are delineated below to show the similarities:

| Warrant - James Clemmons | | Plaintiff - Jerome Clemmons | |
|---|---|---|---|
| DOB: | 5/15/56 | DOB: | 6/17/56 |
| Wt: | 150 | Wt: | 150 |
| Ht: | 5' 7" | Ht: | 5' 5" |
| Race: | B | Race: | B |

Also, police officer referred to a local criminal data base, the NAMS report, that pertained to Clemmons. That report identified "James Clemmons" as an alias for Jerome Clemmons.

During the booking process, the plaintiff was fingerprinted with his prints sent to a "Livescan" database maintained by Los Angeles County as provided by the DOJ. At some point near the time that the plaintiff was transported in the morning hours of 6/28/04, to the Long Beach courthouse for arraignment, it was learned by Long Beach Police Department that the plaintiff was not the person wanted on the warrant. In essence, the results of the Livescan information ( *CII number different between James and Jerome Clemmons*) was stamped on the requisite paperwork submitted to the court and thereafter provided to the Los Angeles Sheriff's department by the court on the remand to custody request. Thus, the City did have a policy to determine the proper identity of persons arrested on warrants, but, such practice was negligently employed.

Robert E. Shannon
City Attorney of Long Beach
333 West Ocean Boulevard
Long Beach, California 90802-4664
Telephone (562) 570-2200

From the point of the remand, until the next court appearance date of July 19, 2004, plaintiff was in the County's custody.

## C. CONTENTIONS OF LAW

### 1. THERE WAS PROBABLE CAUSE TO DETAIN AND ARREST

Probable cause has been defined as that state of facts that would lead a person of ordinary care and prudence to believe, or entertain an honest or strong suspicion, that the person to be arrested is guilty. (Dunaway v. New York 442 U.S. 200, 60 L.Ed.2d 824 (1979).) The test of reasonable or probable cause for an arrest is not whether the evidence on which the arrest is made is sufficient to convict, but only whether the person should stand trial. People v. Ingle 53 Cal.2d 407, 2 Cal. Rptr. 14, cert.den. 364 U.S. 841 (1960).)

In discussing the concept of "probable cause" the United States' Supreme Court in Illinois v. Gates 462 U.S. 213, 232, 76 L.Ed.2d 527, 544 (1983) stated:

> Perhaps the central teaching of our decisions bearing on the probable-cause standard is that it is a 'practical, non-technical conception'. (citation omitted) 'In dealing with probable cause, . . . as the very name applies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act' (citation omitted)
>
> * * * *
>
> As these comments illustrate, probable cause is a fluid concept - turning on the assessment of probabilities in particular factual context - not readily, or even usefully,

Robert E. Shannon
City Attorney of Long Beach
333 West Ocean Boulevard
Long Beach, California 90802-4664
Telephone (562) 570-2200

reduced to a neat set of legal rules. Id.

In the present case, the Long Beach Police Officers Skeen and Vanden Bosch acted reasonably and properly when initially detaining the plaintiff during a consensual stop after observing the plaintiff loitering in a strip mall after midnight. Thereafter, the officers had probable cause to take the plaintiff into custody after obtaining information on a warrant abstract that reasonably matched the physical descriptions to the plaintiff.

### 2. NO EVIDENCE OF DELIBERATE INDIFFERENCE

For Clemmons to prevail on his claim that the City either failed to have a procedure in place, Clemmons must prove the lack of a procedure, and that the lack of a procedure was the result of a deliberate indifference to the rights of Clemmons. This Plaintiff cannot prove. *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (1992 9th Circuit)

Robert E. Shannon
City Attorney of Long Beach
333 West Ocean Boulevard
Long Beach, California 90802-4664
Telephone (562) 570-2200

### 3. PLAINTIFF'S DAMAGES, IF ANY, ARE LIMITED TO THE FEW HOURS IN THE LONG BEACH JAIL

Assuming Clemmons is entitled to damages, his damages are limited to the period of time that he was in the Long beach jail, or approximately six hours. After that, Clemmons was put before a bench officer who made the independent decision to remand Clemmons to custody. Consequently, the City's liability for false imprisonment, if any, ends. *Smiddy v. Varney*, 665 F.2d 261, 266-267 (1981 9th Circuit); *Galen v. County of Los Angeles*, 477 F.3d 652, 663-664 (2007 9th Circuit)

The only exception to this rule is evidence that the City provide fabricated information to the court. But on the contrary, the City provided the Court with the non-matching CCI numbers. Consequently, *Smiddy* applied to this case.

**4. THE DEFENDANTS ACTED IN GOOD FAITH AND ARE ENTITLED TO QUALIFIED IMMUNITY.**

Police officers are entitled to qualified immunity from suits arising out of the performance of their official duties unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald* 457 U.S. 800, 818, 73 L.Ed.2d 396 (1988). For a right to be "clearly established" for purposes of the above test, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton* 483 U.S. 635, 640, 97 L.Ed.2d 523, 531 (1987). The proper inquiry is whether a reasonable police officer, in light of the relevant law and information possessed, could have believed that there was probable cause to arrest. Id. at 483 U.S. 641, 97 L.Ed.2d 532.

The United States Supreme Court stated in *Anderson v. Creighton* 483 U.S. 635, 97 L.Ed.2d 523 (1987) that:

> We have recognized that it is inevitable that law enforcement official will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials - like other officials who act in ways they reasonably believe to be lawful - should not be held personally liable. ( Id. at 483 U.S. 641, 97 L.Ed.2d 531.)

As the Ninth Circuit stated in *Act Up!/Portland v. Bagley* 988 F.2d 868, 872 (9th Cir. 1993):

> If a reasonable officer could have believed that Appellants were justified . . . Appellants are entitled to qualified immunity. This is so notwithstanding that reasonable officers could disagree on this issue (cite omitted) because

Robert E. Shannon
City Attorney of Long Beach
333 West Ocean Boulevard
Long Beach, California 90802-4664
Telephone (562) 570-2200

> even officers who mistakenly conclude that reasonable suspicion is present are entitled to immunity so long as that conclusion is objectively reasonable.

Given the circumstances delineated herein above, the individually named officers should be afforded immunity

As to Police Chief Anthony Batts, defendants respectfully submit that the chief is named only in his official capacity and as the policymaker for the police department. When both a defendant individual and defendant entity are named, and the individual is identified in his official capacity, the effect is a merger of the actions into that of the state or entity. Hence, liability can only be found if an official policy or custom pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), played a role in the alleged violation of the constitutional right, irrespective if accomplished by the entity or the individual. *Hafer v. Melo* 502 U.S. 21, 112 S.Ct.358, 116 L.Ed 2d. 301 (1991). Accordingly, defendants contend that the individually named defendant Batts should be either dismissed or granted qualified immunity.

Robert E. Shannon
City Attorney of Long Beach
333 West Ocean Boulevard
Long Beach, California 90802-4664
Telephone (562) 570-2200

**5. <u>PLAINTIFF HAS FAILED TO ESTABLISH A CLAIM AGAINST DEFENDANT CITY OF LONG BEACH.</u>**

The apparent basis for the plaintiff's claim as against the City of Long Beach is that the City has an unconstitutional policy, custom or practice under an analysis consistent with *Monell v. New York City Department of Social Services*(1978) 436 U.S. 658, 690 [98 S. Ct. 2018, 2035]. The plaintiff, however, will not produce any credible facts to support this contention, thus leaving the only possible basis for liability as being under respondeat superior.

A municipality, however, cannot be found liable under Section 1983 on a respondent superior theory. *Canton v. Harris* 489 U.S. 378 [103 L.Ed.2d 412]. In

*Pembaur v. City of Cincinnati* (1986) 475 U.S. 469 [89 L.Ed.2d 452] the Supreme Court stated:

> "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible. *Monell* reasoned that recovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality' - that is, acts which the municipality has officially sanctioned or ordered."(original emphasis) Id at 475 U.S. 479-80 [89 L.Ed.2d 463].

A plaintiff cannot prove the existence of a municipal policy or custom based solely on the alleged unconstitutional action by a non-policymaking employee. Davis v. City 869 F.2d 1230 (9th Cir. 1989). Plaintiff in the case at hand, has failed to plead the existence of a municipal "policy" that would give rise to a Section 1983 claim.

**D. BIFURCATIONS OF ISSUES**

Defendants respectfully request that this Court trifurcate the case into the following segments: individual liability; *Monell* liability; punitive damages, if any.

**E. JURY TRIAL**

The parties have made a timely request for a jury, hence the matter is set for a six day jury trial.

**F. ATTORNEY FEES**

The defendants agree to a reservation of the Court's jurisdiction for the purpose of determining, after trial, the amount of attorney's fees, if any, to be granted to the

Robert E. Shannon
City Attorney of Long Beach
333 West Ocean Boulevard
Long Beach, California 90802-4664
Telephone (562) 570-2200

prevailing party.

**G. ABANDONMENT OF ISSUES**

None.

DATED: April 2, 2009

ROBERT E. SHANNON, City Attorney

By Monte H Machit
MONTE H MACHIT,
Principal Deputy City Attorney
Attorneys for Defendants CITY OF LONG BEACH, BATTS, SKEEN, MARTIN and VANDEN BOSCH

Robert E. Shannon
City Attorney of Long Beach
333 West Ocean Boulevard
Long Beach, California 90802-4664
Telephone (562) 570-2200